COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:     Latrice Williams v. Dana Lee

Appellate case number:   01-10-00296-CV

Trial court case number:  2008-27802

Trial court:              309th District Court of Harris County, Texas

The district clerk has filed a supplemental clerk's record indicating that five documents requested by appellant to be included in the supplemental clerk's record could not be located. These documents include:

- Sworn Inventory and Appraisement of Latrice Williams-Respondent
- Sworn Inventory and Appraisement of Dana Lee-Petitioner
- Response To Motion For New Trial, filed February 24, 2010
- Judgment Final Divorce Decree, filed May 2, 2009
- Bill of Exception

A sixth document requested, "Iris Robinson Hefter, Intervenor Interrogatories to Respondent Latrice Williams," was included in the supplemental clerk's record as an exhibit to another motion.

We therefore abate this appeal and remove it from this Court's active docket. We direct the trial court to immediately conduct a hearing at which a representative of appellee and appellant shall be present. Any party may appear at the hearing telephonically, if necessary. At the hearing, the trial court shall make the following findings:

(1) The trial court shall determine whether each of the five requested documents was ever offered for inclusion in the record. For each document, the trial court shall make a written finding regarding whether the document was offered for inclusion in the record.

(2) If a document was not offered for inclusion in the record, that document is not part of the record and the district clerk has no obligation to include that document in a supplemental clerk's record, and the trial court shall so signify in its written findings.

(3) If the trial court finds that a document was offered for inclusion in the record, the trial court shall make a finding regarding whether that document has been lost or destroyed and,

    a. if the document has not been lost or destroyed, the trial court shall order that the document be included in a supplemental clerk's record and filed with this Court;

    b. if the document has been lost or destroyed, the trial court shall make a finding regarding whether the parties can agree, by written stipulation, to deliver a copy of the document for inclusion in a supplemental clerk's record; and,

        i. if the parties can agree regarding what constitutes an accurate copy of the document, the trial court shall set a deadline no later than 10 days from the date of the hearing for the submission of the written stipulation and copy to the district clerk for inclusion in a supplemental clerk's record; or,

        ii. if the parties cannot agree regarding what constitutes an accurate copy of the document, the trial court is required to determine what constitutes an accurate copy of the document and order that the document be included in a supplemental clerk's record.

*See* TEX. R. APP. P. 34.5(e).

The trial court's findings regarding each of the five documents must be contained in a written document, and not a docket sheet, because a docket sheet may not be considered by this Court. *See Rush v. Barrios*, 56 S.W.3d 88, 95 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) (an appellate court may not consider docket entries since they are only made for the clerk's convenience and are usually unreliable).

A supplemental clerk's record containing the trial court's written findings regarding each of the five documents, and any documents that the trial court orders included in the record, must be filed with the Clerk of this Court **within 30 days of the date of this order.**

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record containing the trial court's written findings regarding the five documents is filed in this Court. **The court coordinator of the trial court shall set a hearing date and notify the parties of and the Clerk of this Court of such date.**

It is so ORDERED.

Judge's signature: /s/ <u>Justice Evelyn V. Keyes</u>
        ☑ Acting individually    ☐ Acting for the Court

Date: August 28, 2012